IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIM QUICK, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; AARON FICHTER, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; RON KAMINSKI, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; TIM MCCORMICK, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; RON FUCINARO, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; JOSH RENDER, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 1140, and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 571, <br><br>    Plaintiffs, <br><br> vs. <br><br>RUPERT CONSTRUCTION CO., <br><br>    Defendant. | **8:19CV401** <br><br> **ORDER** |

   This matter is before the Court on Mark Daly, Gerald Friedrichsen, and the law firm Fitzgerald, Schorr, Barmettler & Brennan, P.C., LLO's Motion to Withdraw as counsel for Defendant Rupert Construction Co. (Filing No. 10). Defendant's counsel has advised that, despite his efforts, he has been unable to communicate with Defendant. Counsel states that he has

attempted to communicate with Defendant through email, telephone calls, and a personal visit to Defendant's premises, to no avail. Counsel represents that when he called Defendant's telephone number, he received a recorded message that the number has been disconnected. Counsel's visit to Defendant's premises revealed that Defendant appears to have abandoned the property. Seemingly due to counsel's inability to locate and communicate with Defendant, a clerk's entry of default was entered against Defendant on January 14, 2020. ([Filing No. 9](#).)

Under the circumstances, the Motion to Withdraw will be granted. Defendant is advised that it cannot litigate in this forum without representation by licensed counsel. *See [Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993)](#)* ("[A] corporation may appear in the federal courts only through licensed counsel"). Therefore, substitute counsel must promptly enter an appearance on its behalf. *See [Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996)](#)* (stating that a corporation was technically in default as of the date its counsel was permitted to withdraw from the case without substitute counsel appearing).

Accordingly,

**IT IS ORDERED:**

1. Mark Daly, Gerald Friedrichsen, and the law firm Fitzgerald, Schorr, Barmettler & Brennan, P.C., LLO's Motion to Withdraw ([Filing No. 10](#)) is granted.

2. Mr. Daly shall promptly mail a copy of this Order to Defendant and file a certificate of service indicating the date the Order was mailed, and specifying the names of the individuals served and the addresses to which the Order was sent. Mr. Daly will not be relieved of applicable duties to the Court, Defendant, and opposing counsel until the certificate of service is filed.

Dated this 16th day of January, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge