# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

KIM QUICK, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; AARON FICHTER, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; RON KAMINSKI, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; TIM MCCORMICK, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; RON FUCINARO, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; JOSH RENDER, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 1140, and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 571,

    Plaintiffs,

 vs.

**RUPERT CONSTRUCTION CO.**

    Defendant.

8:19CV401

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment, ECF No. 13. For the following reasons, the motion will be granted in part.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1, and unchallenged by Defendant Rupert Construction Co. (RCC).

Plaintiffs Kim Quick, Aaron Fichter, Ron Kaminski, Tim McCormack, Josh Render, and Ron Fucinaro are Trustees for the Contractors, Laborers, Teamsters, and Engineers Health and Welfare Plan (Health Plan) and the Contractors, Laborers, Teamsters, and Engineers Pension Plan (Pension Plan).

Plaintiffs Laborers International Union of North America, Local 1140 (Laborers) and International Union of Operating Engineers, Local 571 (Operators) are labor organizations representing employees in an industry affecting commerce as defined by the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. §§ 141 *et seq.* They are the collective bargaining agents for the represented employees.

The Health Plan is organized as a trust under section 302 of LMRA, 29 U.S.C. § 186. Laborers and Operators utilize the Health Plan for the purpose of providing and administering health and welfare programs for construction employees represented by various unions. Such programs consist of life insurance, hospitalization, and medical benefits.

The Pension Plan is organized as a trust under section 302 of LMRA, 29 U.S.C. § 186. Laborers and Operators utilize the Pension Plan for the purpose of providing and administering a pension program for construction employees represented by various

unions. The Pension Plan also provides for members' death, disability and retirement benefits.

RCC is a Nebraska corporation with its principal place of business in Omaha, Nebraska. It is an employer as defined by LMRA and is engaged in an industry affecting commerce as defined by section 2 of LMRA, 29 U.S.C. § 142.

Plaintiffs and RCC executed Collective Bargaining Agreements, agreeing to be bound by certain Trust Agreements (collectively "Agreements"). Exs. A–D; ECF Nos. 1-1 to 1-4. The Agreements required RCC to contribute certain amounts to the Health Plan and the Pension plan. RCC has not made such contributions.

Plaintiffs brought this action against RCC on September 10, 2019. Compl., ECF No. 1. Process was served upon RCC through its registered agent on or about September 12, 2019. ECF No. 5. On October 1, 2019, RCC moved for an extension of time to file a responsive pleading. ECF No. 6. The Court granted the motion, and RCC was given until October 31, 2019, to file a responsive pleading. ECF No. 7. On January 14, 2020, Plaintiffs moved for, and received, a Clerk's Entry of Default as to RCC. ECF Nos. 8–9. On January 21, 2020, Plaintiffs filed a Motion for Default Judgment. ECF No. 13.

**DISCUSSION**

It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall*, 616 F.3d at 852 (citing *Thomson v. Wooster*, 114 U.S.

104 (1885)). It is, however, "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).

Plaintiffs seek default judgment against RCC in the amount of $51,100.59. Mot. for Entry of Default J., ECF No. 13 at Page ID # 103. Count I of the Complaint alleges RCC violated the Agreements by failing to deposit the required contributions into the Health Plan and Pension Plan and demands RCC pay the missed contributions. Count II alleges the Agreements require RCC to maintain collateral equal to ninety days' payment in the Health Plan and sixty days' payment in the Pension Plan and demands such collateral. Plaintiffs also request attorney fees and a payroll audit.

I. Liability

Under LMRA,

[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.[1] RCC has entered into collective bargaining agreements, obligating itself to make contributions to the Health Plan and Pension Plan in accordance with the

---

[1] *See also* 29 U.S.C. § 1132(g)(2):

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
    (A) the unpaid contributions,
    (B) interest on the unpaid contributions,
    (C) an amount equal to the greater of--
        (i) interest on the unpaid contributions, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted

4

Agreements. In its agreement with Laborers, RCC agreed to contribute $4.00 per hour worked by covered employees into the Health Plan and $2.25 for each hour worked by covered employees into the Pension Plan. Ex. A, ECF No. 1-1 at Page ID # 15–16. RCC agreed with Operators to contribute $4.50 per hour worked by covered employees into the Health Plan and $2.45 cents per hour worked by covered employees into the Pension Plan. Ex. B, ECF No. 1-2 at Page ID # 39.

RCC has submitted reports to Plaintiffs detailing the hours worked by covered employees for the months of November 2018 through September 2019 but has not paid the required contributions for these months. RCC has not submitted a report since September 2019 nor has it contributed the amount due under the Agreements. Therefore, the facts as pleaded establish a cause of action against RCC for violation of the collective bargaining agreements.

II. Damages

Plaintiffs allege they are due $51,100.59. They allege that the amount of delinquent contributions is $40,242.25. Moreover, Plaintiffs request interest in the amount of 1.5% per month and an additional $.10 per hour for liquidated damages. The total requested interest and liquidated damages is $10,858.41. Plaintiffs also request $5,000 in attorney's fees and ask the Court to order RCC to submit to a payroll audit to ensure the correct number of hours has been reported.

---

under Federal or State law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

Plaintiffs have not explained how they arrived at the damages requested. The Affidavit submitted by Larry Murray, Fund Administrator for the Health and Pension Plans, includes a spreadsheet with the figures requested, but no explanation as to how these figures were reached. For example, the spreadsheet states that for the month of November 2018, RCC reported 1,923 covered hours and therefore owed $19,806.30 in contributions. It does not explain why the covered hours were multiplied by 10.3 or why this multiplier changed from month to month—ranging from 5.5 to 11.1.

To calculate a reasonable attorney's fee, "courts typically begin by using the lodestar method[,]" which "multiplies the number of hours reasonably expended by the reasonable hourly rates." *Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Id*. "There is no precise rule or formula for making these determinations." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). A district court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for . . . limited success." *Id*.

Plaintiffs have established that an award of attorney's fees is proper pursuant to 29 U.S.C. § 1132(g). However, Plaintiffs have not provided a basis for the Court to determine that $5,000 is a reasonable award for attorney's fees. Without information regarding the hours worked and hourly rates of Plaintiffs' attorneys, the Court cannot find that $5,000 is reasonable.

Finally, Plaintiffs have not explained to the Court what the payroll audit they seek would involve, nor have they cited authority showing that such a request may be granted.

Plaintiffs will be given leave to supplement the record with a description as to what they request and under what authority.

Accordingly,

IT IS ORDERED:

1. The Motion for Default Judgment, ECF No. 13, is granted as to liability;

2. Plaintiffs may file a supplementary brief and evidence regarding their calculation of damages and attorney's fees and explaining their request for a payroll audit on or before March 11, 2020; and

3. The Clerk of Court shall enter a case management deadline for March 11, 2020.

Dated this 19th day of February 2020.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              Senior United States District Judge