## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIM QUICK, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; AARON FICHTER, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; RON KAMINSKI, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; TIM MCCORMICK, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; RON FUCINARO, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; JOSH RENDER, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 1140, and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 571, | 8:19CV401 <br><br> **MEMORANDUM AND ORDER** |
| **Plaintiffs,** | |
| vs. | |
| **RUPERT CONSTRUCTION CO.** | |
| **Defendant.** | |

This matter is again before the Court on Plaintiffs' Motion for Default Judgment, ECF No. 13. For the following reasons, the Motion will be granted as to damages.

## BACKGROUND

The facts were fully laid out in the Court's previous Memorandum and Order, ECF No. 18. Below is a brief summary of the uncontested facts.

Plaintiffs Kim Quick, Aaron Fichter, Ron Kaminski, Tim McCormack, Josh Render, and Ron Fucinaro are trustees of the Contractors, Laborers, Teamsters, and Engineers Health and Welfare Plan (Health Plan) and the Contractors, Laborers, Teamsters, and Engineers Pension Plan (Pension Plan). Plaintiffs Laborers International Union of North America, Local 1140 (Laborers) and International Union of Operating Engineers, Local 571 (Operators) represent employees that receive benefits under the Health Plan and Pension Plan.

Plaintiffs brought this action under the Labor Management Relations Act (LMRA), 29 U.S.C. § 141 *et seq.*, to collect delinquent contributions to the Health Plan and Pension Plan from Defendant Rupert Construction Company (RCC). Compl., ECF No. 1. The Court granted Plaintiffs' Motion for Default Judgment regarding liability and ordered Plaintiffs to submit supplementary materials regarding damages. Mem. & Order, ECF No. 18. Plaintiffs submitted additional evidence on March 10, 2020. ECF Nos. 19–21.

## DISCUSSION

Plaintiffs request the following relief: payment of delinquent contributions, including interest and liquidated damages; payment of attorney's fees; and a payroll audit of RCC. Such relief is authorized under the Employee Retirement Income Security Act (ERISA),

29 U.S.C. § 1132(g).[1]  Upon review of Plaintiffs' supplementary filings, the Court finds Plaintiffs are entitled to their requested relief with several corrections as to the requested amounts.

## I.    Delinquent Contributions

Plaintiffs claim that as of March 31, 2020, the amount of delinquent contributions is $40,242.25 and the accrued liquidated damages and interest total $12,968.50. Murray Aff., ECF No. 20 at Page ID 129–30.  Plaintiffs also claim that liquidated interest and damages continue to accrue at $1,055.08 per month.  *Id.*

RCC submitted monthly fringe benefit reports for November 2018, through August 2019, but did not pay the corresponding contributions.  The contribution rate for the Health Plan was $5.50 per hour worked by both laborers and operators.  The contribution rate for the Pension Plan was $4.60 per hour worked by laborers from November 2018 through May 2019, and it increased to $5.10 beginning June 2019. The Pension Plan contribution rate for operators was $5.60 per hour at all relevant times.  ECF No. 20 at Page ID 128–29, 131–32.

The delinquent contributions, according to the fringe benefit reports filed by RCC are as follows:

---

[1] Under § 1132(g), the Court shall award:

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of –
    (i)      interest on the unpaid contributions, or
    (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).

| Month | Designation | Hours Worked | Rate (Health + Pension) | Contributions Owed |
|---|---|---|---|---|
| November 2018 | Laborer | 1539 | 10.1 | $15,543.90 |
| | Operator | 384 | 11.1 | $4,262.40 |
| December 2018 | Laborer | 155 | 10.1 | $1,565.50 |
| | Operator | 438.5 | 11.1 | $4,867.35 |
| January 2019 | Laborer | 0 | | $0 |
| | Operator | 77.5 | 11.1 | $860.25 |
| February 2019 | Laborer | 0 | | $0 |
| | Operator | 0 | | $0 |
| March 2019 | Laborer | 8 | 10.1 | $80.80 |
| | Operator | 16 | 11.1 | $177.60 |
| April 2019 | Laborer | 408.5 | 5.5 | $2,246.75[2] |
| | Operator | 0 | | $0 |
| May 2019 | Laborer | 529 | 5.5 | $2,909.50[2] |
| | Operator | 9.5 | 5.5 | $52.25[2] |
| June 2019 | Laborer | 175 | 10.6 | $1,855.00 |
| | Operator | 0 | | $0 |
| July 2019 | Laborer | 555.5[3] | 10.6 | $3,795.55 |
| | Operator | 55 | 11.1 | $610.50 |
| August 2019 | Laborer | 118[4] | 10.6 | $904.30 |
| | Operator | 46 | 11.1 | $510.60 |
| **Total:** | | | | **$40,242.25** |

In the event of default of contributions, the trustees may require the employer to pay a reasonable rate of interest on the delinquent payment. Pension Fund Agreement and Declaration of Trust, ECF No. 1-3 at Page ID 53; Health Fund Agreement and Declaration of Trust, ECF No. 1-4 at Page ID 69; *see also* 29 U.S.C. § 1132(g)(2)(B). Under ERISA, the "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."

---

[2] The reports for April 2019 and May 2019 do not include the contribution rate for the Pension Fund.

[3] The report for July 2019 reports 555.5 hours worked by laborers, but only reports contributions due to the Health Fund for 175 hours.

[4] The report for August 2019 reports 118 hours worked by laborers, but only reports contributions due to the Health Fund for 55 hours.

§ 1132(g)(2)(E).  Plaintiffs allege the Agreements provided for a monthly interest rate of 1.5% per month.  Murray Aff., ECF No. 20 at Page ID 129.  None of the documents submitted by the Plaintiffs includes an agreed-upon rate of interest, therefore, the rate to be applied is that under 26 U.S.C. § 6621.

The rates prescribed by § 6621 for the relevant period are 5% per annum for the periods of October 1, 2018–December 31, 2018 and July 1, 2019–September 30, 2019, and 6% for January 1, 2019–June 30, 2019.  *See* Table of Interest Rates from January 1, 1999–Present: Corporate Overpayments and Underpayments, Rev. Rule 2019-28, 2019 WL 6695461.  The proper interest rate calculations are as follows:

| Month | Delinquent Contribution | Days Delinquent[5] | Interest Rate | Amount of Interest[6] |
|---|---|---|---|---|
| November 2018 | $19,806.30 | 493 | 5% | $1,337.60 |
| December 2018 | $6,432.85 | 462 | 5% | $407.12 |
| January 2019 | $860.25 | 434 | 6% | $61.37 |
| February 2019 | $0 | 403 | 6% | $0 |
| March 2019 | $258.40 | 373 | 6% | $15.84 |
| April 2019 | $2,246.75 | 342 | 6% | $126.31 |
| May 2019 | $2,961.75 | 312 | 6% | $151.90 |
| June 2019 | $1,855.00 | 281 | 6% | $85.69 |
| July 2019 | $4,406.05 | 250 | 5% | $150.89 |
| August 2019 | $1,414.90 | 220 | 5% | $42.64 |
| **Total:** | | | | **$2,379.37** |

Plaintiffs are entitled also to an additional amount of interest owed or agreed upon liquidated damages.  Plaintiffs allege that they are entitled to liquidated damages in the amount of $0.10 per hour worked per month delinquent.  Plaintiffs have not submitted

---

[5] Payments were not due until the end of the following month.  Murray Aff., ECF No. 20 at Page ID 129. The Days Delinquent are calculated as of the date of this Memorandum and Order.

[6] Calculated by Delinquent Contribution * Days Delinquent * (Interest Rate/365).  *See, e.g., In re Arbitration Between Finkel & Potenza Elec. Corp.*, 19 CV 486 (AMD)(RML), 2019 WL 7580103, at *6 (E.D.N.Y. Nov. 26, 2019).

evidence of agreed upon liquidated damages, therefore, under 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to add the amount of interest a second time.  Therefore, in addition to the delinquent contributions of $40,242.25, Plaintiffs are entitled to interest in the amount of $4,758.74.  Judgment will be entered for Plaintiffs in the amount of $45,000.99.

## II.     Attorney's Fees

Plaintiffs are entitled to attorney's fees under the Agreements, and under ERISA. Pension Fund Agreement & Declaration of Trust, ECF No. 1-3 at Page ID 53; Health Fund Agreement & Declaration of Trust, ECF No. 1-4 at Page ID 69; 29 U.S.C. § 1132(g)(2)(D).

To calculate a reasonable attorney's fee, "courts typically begin by using the lodestar method[,]" which "multiplies the number of hours reasonably expended by the reasonable hourly rates." *Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018) (quoting *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)).  "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates."  *Id.*  "There is no precise rule or formula for making these determinations." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)).

Plaintiffs' attorney worked 34.26 hours at a rate of $150.00 per hour.  Young Aff., ECF No. 21 at Page ID 151–170.[7]  Additionally, Plaintiffs have provided evidence of $465.16 in filing fees and other fees associated with the recovery of the delinquent contributions.  Young Aff., ECF No. 21.  The Court finds this amount to be reasonable. Therefore, Plaintiffs are entitled to $5,604.16 in attorney's fees and other fees associated with the recovery of the delinquent contributions.

---

[7] Plaintiffs' affidavit claims attorney's fees were charged at a rate of $155.00 per hour, however the billing statements attached show a rate of $150.00.

### III.     Payroll Audit

Plaintiffs request an order requiring that RCC submit to a payroll audit to ensure the correct amount of delinquent contributions are paid.  Under 29 U.S.C. § 1132(g)(2)(E), the Court may award Plaintiffs "such other legal or equitable relief as the court deems appropriate."  § 1132(g)(2)(E).  Additionally, the parties agreed to permit the Trustees to conduct audits in connection with RCC's contributions and reports.   Pension Plan Agreement & Declaration of Trust, ECF No. 1-3 at Page ID 53; Health Plan Agreement & Declaration of Trust, ECF No. 1-4 at Page ID 69; *see also Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985). Therefore, RCC will be ordered to submit to an audit by an independent certified public accountant of the payroll and wage records in connection with the unpaid contributions.

Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion for Default Judgment, ECF No. 13, is granted;

    a. Judgment is entered in favor of Plaintiffs in the amount of $50,605.15;

    b. RCC shall submit to an audit by an independent certified public accountant of the payroll and wage records in connection with the unpaid contributions; and

2. A separate judgment will be entered.

Dated this 7th day of May, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge