## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIM QUICK, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; AARON FICHTER, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; RON KAMINSKI, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; TIM MCCORMICK, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; RON FUCINARO, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; JOSH RENDER, Trustee of Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan and Trustee of Contractors, Laborers, Teamsters and Engineers Pension Plan; LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 1140, and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 571, | 8:19CV401 <br><br> MEMORANDUM AND ORDER |

                Plaintiffs,

   vs.

RUPERT CONSTRUCTION CO.

                Defendant.

This matter is before the Court on Plaintiffs' Motion for New Trial to Open Judgment, ECF No. 25. For the following reasons, the motion will be denied.

Plaintiffs brought this action under the Labor Management Relations Act (LMRA), 29 U.S.C. § 141 *et seq.*, to collect delinquent contributions owed to union health and pension plans from Defendant Rupert Construction Company (RCC). Compl., ECF No. 1. On January 21, 2020, Plaintiffs moved for default judgment against RCC. ECF No. 13. On February 19, 2020, the Court granted Plaintiffs' Motion for Default Judgment regarding liability and ordered Plaintiffs to submit supplementary materials regarding damages. ECF No. 18. Plaintiffs submitted additional evidence on March 10, 2020. ECF Nos. 19–21. On May 7, 2020, the Court granted default judgment to the Plaintiffs in the amount of $50,065.15.

Plaintiffs now move for a new trial under Federal Rule of Civil Procedure 59(a). Plaintiffs ask the Court to open the record to review evidence that was not submitted until after judgment was entered, and enter a new judgment taking that evidence into account.

Rule 59(a) permits the Court to grant a new trial:

> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Fed. R. Civ. P. 59(a). There was no trial in this case, therefore Rule 59(a) is not applicable. The Court will therefore construe Plaintiffs' motion as a motion to alter or amend the judgment under Rule 59(e). *See, e.g.*, *Adonai Commc'ns, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-CV-2642-L, 2018 WL 501185, *3 (N.D. Tex. Jan. 22, 2018).

"Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce

2

new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)).

The Court gave Plaintiffs ample opportunity to submit evidence in support of their damages calculations.   Plaintiffs cannot now use a post-judgment motion to submit evidence that they could have submitted prior to the entry of judgment.

Accordingly,

IT IS ORDERED:

Plaintiffs' Motion for New Trial to Open Judgment, ECF No. 25, is denied.


Dated this 12th day of June, 2020.


BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge